UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON JACOBS                                    CIVIL ACTION

VERSUS                                           NO. 06-7844

FARMERS INSURANCE EXCHANGE                       SECTION "C" (4)
LATTER & BLUM INSURANCE SERVICES,
INC. AND WELLS FARGO BANK,
NATIONAL ASSOCIATION, A NATIONAL
BANKING ASSOCIATION D/B/A WELLS
FARGO HOME MORTGAGE, INC.

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiff, Sharon Jacobs. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's claims concern unpaid claims for hurricane-related damages under a homeowner's insurance policy issued by defendant Farmers Insurance Exchange ("Farmers") to the plaintiff regarding her residence in New Orleans, Louisiana. In the petition, the plaintiff also claims that nondiverse defendant insurance

agent Latter & Blum Insurance Services, Inc. ("Latter & Blum") "breached its fiduciary duty to petitioner to provide and secure appropriate and adequate coverage ..." and that diverse mortgagor Wells Fargo Bank ("Wells Fargo") wrongfully failed to obtain flood insurance to protect the interest of the plaintiff.[1] (Pet. §§ 44 - 45, 50 - 53).

Latter & Blum removed on the basis of diversity.[2] Latter & Blum argues that it, the nondiverse agent defendant, was improperly joined in order to defeat removal. "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994). This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central

---

[1] Farmers joins in the opposition filed by Latter & Blum. (Rec. Doc. 13).

[2] The Court is satisfied that the jurisdictional minimum existed at the time of removal. Although this matter was removed only on the basis of diversity, there is reference to federal question jurisdiction in the papers relating to the motion to remand. There is no issue that a flood policy was ever issued, and it is established that a claim relating to the failure to procure flood insurance does not provide federal question jurisdiction. See e.g., Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531 (E.D.La. 2006).

Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  Smallwood, 385 F.3d at 572.

    The court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  Id.  "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  Id.

    Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  Southern Athletic Club,LLC v.

3

Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)). On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987). Based on the record, the Court can not find that Latter & Blum has met its burden of establishing improper joinder. It presents no facts. Under these circumstances, the Court finds that the plaintiff has stated a claim against Latter & Blum for breach of duty with regard to the procurement of the subject insurance for purposes of improper joinder.

The issue of prescription and preemption is governed by under La. Rev. Stat. 9:5606A:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach

> of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Again, Latter & Blum offers no proof relevant to the issue of prescription/preemption.

The Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiff is GRANTED. (Rec. Doc. 7).  No attorney's fees or expenses shall be awarded.  This matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this   7th day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE